IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRINITY HEALTH-MICHIGAN, IHA HEALTH SERVICES CORPORATION d/b/a TRINITY HEALTH IHA MEDICAL GROUP, TIMOTHY HENNE, M.D., TIMOTHY LENTERS, M.D., JOHN (JACK) HEALEY, M.D., and GEOFFREY SANDMAN, M.D., <br><br>Plaintiffs, <br><br>v. <br><br>ORTHOPAEDIC ASSOCIATES OF GRAND RAPIDS, P.C. d/b/a ORTHOPAEDIC ASSOCIATES OF MICHIGAN, <br><br>Defendant. | Case No. 23-cv-00118 <br><br>Honorable Hala Y. Jarbou <br>Hon. Phillip J. Green <br><br>Oral Argument Requested |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Orthopaedic Associates of Grand Rapids, P.C. d/b/a Orthopaedic Associates of Michigan ("OAM") respectfully moves this Court to dismiss Plaintiffs' Complaint [ECF No. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] In support of this Motion, and as further discussed in OAM's accompanying Memorandum in Support, OAM states as follows:

1. Plaintiffs, two subsidiaries of Trinity Health ("Trinity Plaintiffs") and four individual physicians who are former employees of OAM ("Physician Plaintiffs"), filed this lawsuit claiming five causes of action under the federal antitrust laws and related state laws and seeking over $10 million in damages before trebling. The allegations center around two issues that Plaintiffs contend violate the antitrust laws: (1) OAM's use of a noncompete provision in its employment agreements with the Physician Plaintiffs, which those parties entered into in connection with OAM's purchase of Physician Plaintiffs' former orthopaedic practice, River Valley Associates ("RVO"); and (2) OAM's business decision to terminate an on-call services contract between OAM and Saint Mary's, a hospital owned by Plaintiff Trinity Health Michigan.

---

[1] Pursuant to Local Rule 7.1(d), counsel for OAM conferred with Plaintiffs' counsel via telephone on March 24, 2023, and Plaintiffs indicated they oppose this motion.

2. In particular: (1) All Plaintiffs claim that the non-compete provision is an illegal agreement between OAM and the Physician Plaintiffs under Sherman Act §1 (Count I); (2) the Trinity Plaintiffs bring a Sherman Act §2 claim, contending that OAM is a monopolist and that termination of the on-call contract and OAM's refusal to waive the non-compete provision was monopolistic conduct (Count II); (3) Trinity Health Michigan brings a Clayton Act §7 claim contending that OAM's 2018 acquisition of RVO was an antitrust violation in itself (Count III); (4) all Plaintiffs bring a claim under Michigan's state antitrust statute alleging the same conduct as the federal antitrust claims (Count IV); and (5) all Plaintiffs request a declaratory judgment that OAM's non-compete provision is unreasonable under Michigan law that governs these provisions (Count V).

3. As OAM details in its accompanying Memorandum in Support of Motion to Dismiss, Plaintiffs' Complaint fails at the threshold because they cannot establish the Article III standing requirements of injury-in-fact and ripeness. Plaintiffs' purported injury is the Physician Plaintiffs' inability to work for Trinity Plaintiffs. But Plaintiffs do not allege any conduct taken by OAM to date to enforce the non-competition provision or prevent Physician Plaintiffs from going to work for Trinity Plaintiffs. Indeed, since the Complaint has been filed, Physician Plaintiffs have in fact **begun work for Trinity Plaintiffs.** Because Plaintiffs cannot claim to have suffered any concrete and ripe injury, they fail to satisfy Article III standing requirements.

4. As for the merits of Plaintiffs' antitrust claims, Plaintiffs fail to satisfy the threshold, pleading-stage doctrine of antitrust standing. The Sixth Circuit has noted that it is "aggressive" in using antitrust standing doctrine to dismiss cases. *Valley Prod. Co. v. Landmark*, 128 F.3d 398, 403 (6th Cir. 1997). That is particularly true in cases like this one, where the plaintiff would have had the same injury without any antitrust violation at all. For example, where—like here—the injury stemmed from a defendant's lawful conduct under its contracts rather than any anticompetitive conduct or market power, the Sixth Circuit routinely affirms dismissal of antitrust claims on this basis. *Id.*

5. In addition to antitrust standing problems, Trinity Plaintiffs' Sherman Act §2 monopoly claim (Count II) fails as a matter of law because they contend that OAM has a level of market power that the Sixth Circuit has categorically rejected as insufficient to establish monopoly power. Trinity Plaintiffs also failed to allege any monopolistic conduct by OAM.

6. All Plaintiffs' Sherman Act §1 claim (Count I) fails as a matter of law because such claims require an agreement between two or more entities. The agreement Plaintiffs point to in this case is the non-competition clause in the employment contracts between OAM and the Physician Plaintiffs. But the Sixth Circuit has rejected this argument as a matter of law, holding that under the Supreme Court's decision in *Copperweld*, a business cannot conspire with its employees for purposes of §1. *Guzowski v. Hartman*, 969 F.2d 211, 213 (6th Cir. 1992) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)). Plaintiffs also failed to plead anticompetitive effects in a relevant market, as is required to state a §1 claim.

7. All Plaintiffs' Clayton Act §7 (Count III) claim is barred by the four-year statute of limitations.

8. Finally, Plaintiffs' Michigan state antitrust claim (Count IV) falls with the federal antitrust claims. Moreover, Trinity Plaintiffs' claim for a declaratory judgment (Count V) fails because

those Plaintiffs do not have standing to seek a declaratory judgment regarding a contract that they are not a party or beneficiary to. And in any event, all Plaintiffs' declaratory judgment claim fails because the Court should decline to exercise its supplemental jurisdiction, and because the Sixth Circuit has confirmed that non-competition clauses with the same parameters as those here are reasonable as a matter of law.

For the foregoing reasons, and those discussed in OAM's accompanying Memorandum in Support, OAM respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety.

Dated: March 24, 2023                    Respectfully submitted,

                                         /s/ James H. Mutchnik
                                         James H. Mutchnik
                                         Daniel E. Laytin
                                         Kate Guilfoyle
                                         **KIRKLAND & ELLIS LLP**
                                         300 North LaSalle
                                         Chicago, IL 60654
                                         Telephone: +1 312 862 2000
                                         jmutchnik@kirkland.com
                                         dlaytin@kirkland.com
                                         kate.guilfoyle@kirkland.com

                                         *Attorneys for Defendant Orthopaedic Associates of Grand Rapids, P.C. d/b/a Orthopaedic Associates of Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, a true and correct copy of the foregoing document, **DEFENDANT'S MOTION TO DISMISS**, was electronically filed and served upon counsel of record via the Court's CM/ECF System.

*/s/ James H. Mutchnik*
James H. Mutchnik